UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-23917-CIV-DIMITROULEAS

PATTY STROUD,

    Plaintiff,

vs.

NCL (Bahamas), Ltd.,
A Bermuda Company,

    Defendant.
_____/

# ORDER REQUIRING COUNSEL TO MEET, FILE JOINT SCHEDULING REPORT AND JOINT DISCOVERY REPORT

THIS ORDER has been entered upon the filing of the Complaint. Plaintiff's counsel is hereby ORDERED to forward to all Defendants, upon receipt of a responsive pleading, a copy of this order.

It is further ORDERED:

1. Pretrial discovery in this case shall be conducted in accord with Federal Rule of Civil Procedure 26 and Southern District of Florida Local Rule 16.1.

2. Within thirty-five (35) calendar days of the filing of the first responsive pleading by the last responding defendant, unless this action is excluded under Rule 26(a)(1)(B), the parties shall file a Joint Scheduling Report and Joint Proposed Order pursuant to Local Rule 16.1.B.2.[1] In preparing the Joint Scheduling Report and Joint Proposed Order the parties shall adhere to the following deadlines:

---

[1] This time period is inclusive of the additional time provided pursuant to Rule 6(d).

A. The parties must confer within fifteen (15) calendar days after the filing of the first responsive pleading by the last responding defendant, to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' view and proposals concerning the matters listed in Rule 26(f). The parties are jointly responsible for submitting a written report of this conference outlining the proposed discovery plan at the time they file their Joint Scheduling Report and Joint Proposed Order.

B. Counsel for the parties shall hold a **scheduling conference** either at the same time as the discovery conference described in Rule 26(f) or within ten (10) calendar days thereafter. See Local Rule 16.1.B.

C. Within seven (7) calendar days of the scheduling conference, counsel shall file a **joint scheduling report** pursuant to Local Rule 16.1.B. This report **shall indicate the proposed month and year for the trial** plus the estimated number of trial days required. Should this be a case in which a class is sought, the report shall include a date by which any motions for class certifications shall be filed.

D. The Court notes that, pursuant to Local Rule 16.2, parties are required to agree upon a mediator and advise the Clerk's Office of their choice within fourteen (14) days of this Court issuing a Scheduling Order.

3. The parties may submit a single report combining the discovery plan report and the scheduling conference report. However, unilateral submissions are prohibited.

4. Failure of counsel or unrepresented parties to file a discovery plan report or joint scheduling report may result in dismissal, default, and the imposition of other sanctions including attorney's fees and costs.

5. If a case is settled, counsel are directed to inform the Court promptly at (954) 769-5650, and to submit an appropriate stipulation Order for Dismissal, pursuant to Rule 41(a)(1). Such an Order must be filed within ten (10) calendar days of notification of the Court. If the parties expect the Court to retain jurisdiction over a settlement agreement, the stipulation of dismissal must include language conditioning the stipulation on the Court retaining jurisdiction to enforce the settlement agreement.[2]

**DONE AND SIGNED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of September, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record

---

[2] "[F]or a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation for dismissal pursuant to Rule 41(a)(1)(A)(ii) … **the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction**." *Anago Franchising, Inc. v. Shaz, LLC,* 677 F. 3d 1272, 1280 (11th Cir. 2012)(emphasis added).